IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DEERE COMPANY,

        Plaintiff,              CASE NO. 2:04-CV-1054

vs.                                 JUDGE EDMUND A. SARGUS, JR.

                                           Magistrate Judge Norah McCann King

MR. GREENGENE'S & COMPANY,
et al.,

        Defendants.

**OPINION AND ORDER**

This is a diversity action brought under 28 U.S.C. § 1332, in which plaintiff John Deere Company ("plaintiff") seeks recovery of amounts allegedly due on an account by the defendant corporation Mr. GreenGene's & Company, Inc. ("Mr. GreenGenes") and guaranteed by the remaining defendants, Gene Jackson and Debra Jackson (collectively the "Jackson defendants"), Thomas R. Hayes, Joyce E. Hayes, Todd J. Hayes, and Tammy Hayes (collectively the "Hayes defendants"). The Jackson defendants deny liability. The remaining defendants, who are proceeding without the assistance of counsel, assert counterclaims for breach of contract of an unspecified nature.

This matter is before the Court on the *Motion of Plaintiff John Deere Company for Summary Judgment Against All Defendants and, in the Alternative, for Default Judgment* ("*Plaintiff's Motion for Summary Judgment*").[1] Doc. No. 32. For the reasons set forth below,

---

[1] On July 5, 2005, this case was referred to the United States Magistrate Judge's docket for disposition on the merits pursuant to 28 U.S.C. § 636(c). The transfer appears, in the absence of the Hayes defendants' consent, to have been in error.

*Plaintiff's Motion for Summary Judgment* is **GRANTED** in part and **DENIED** in part.

I.      PROCEDURAL HISTORY

Plaintiff filed the *Complaint* on November 2, 2004, for recovery of amounts allegedly due on an account from Mr. Greengenes. Each of the individual defendants personally guaranteed payment of all sums owed by Mr. Greengenes; the Jackson defendants executed a John Deere Dealer Guaranty on July 11, 1986, *Complaint*, ¶ 15 and *Exhibit D* attached thereto, and the Hayes defendants executed John Deere Dealer Guaranties on July 18, 2000, *Id.*, ¶¶ 11, 13 and *Exhibits B, C* attached thereto.

On December 27, 2004, the Jackson defendants filed an answer to the *Complaint*. Doc. No. 10. Each of the Hayes defendants, proceeding *pro se*, filed an answer and counterclaim on February 7, 2005. Doc. Nos. 11, 12, 13, 14. Mr. Greengenes has not responded to the *Complaint*. On March 3, 2005, plaintiff filed its answers to the Hayes defendants' counterclaims. Doc. Nos. 15, 16, 17, 18.

On May 23, 2005, the Court issued notice of a preliminary pretrial conference to be conducted on July 20, 2005. Doc. No. 19. On June 8, 2005, plaintiff served its Fed. R. Civ. P. 26(a)(1) initial disclosures and circulated the first draft of the Fed. R. Civ. P. 26(f) report. *Affidavit of Joseph C. Winner*[2] attached to *Plaintiff's Motion for Summary Judgment* ("*Winner Aff.*"), ¶¶ 2, 3. None of the Hayes defendants responded to the letter. *Id.*, ¶ 3. Counsel for the Jackson defendants participated in finalizing the Fed. R. Civ. P. 26(f) report and served initial disclosures on July 18, 2005. Doc. No. 20. Counsel for plaintiff and counsel for the Jackson defendants appeared for the preliminary pretrial conference on July 20, 2005. Doc. No. 23. The

---

[2]Mr. Winner is the trial attorney for plaintiff in this action. *Winner Aff.*, ¶ 1.

Hayes defendants did not appear. *Id.*

On July 21, 2005, the Court issued an *Order to Show Cause*, requiring the Hayes defendants to show cause by August 1, 2005, why their counterclaims should not be dismissed for their failure to prosecute and default entered on plaintiff's claims for their failure to participate in the pretrial procedures. Doc. No. 22. Also on July 21, 2005, the Court entered a *Preliminary Pretrial Order*, which ordered, *inter alia*, that discovery be completed by September 30, 2005, and that dispositive motions be filed by October 31, 2005. Doc. No. 23.

On July 27, 2005, plaintiff served interrogatories and requests for production of documents upon the Jackson Defendants, Thomas R. and Joyce E. Hayes, Todd J. Hayes, and Tammy Hayes. *Winner Aff.*, ¶4.

On August 1, 2005, the Court issued a *Notice of Settlement Conference* scheduled for September 14, 2005. Doc. No. 24.

On September 1, 2005, Todd J. and Tammy Hayes filed a notice dated July 30, 2005, in response to the *Order to Show Cause*. Doc. No. 25. Todd J. and Tammy Hayes stated that they had not received notice of the preliminary pretrial conference until after it had been held and that they did not receive the *Order to Show Cause* until July 30, 2005, the day before they were required to respond to it. *Id.* These two Hayes defendants also gave notice of new mailing addresses. *Id.* Neither Thomas R. nor Joyce E. Hayes has attempted to show cause for their failure to attend the preliminary pretrial conference.

On September 14, 2005, a settlement conference was conducted by mediator Terri B. Gregori, Esq., and attended by counsel for plaintiff, counsel for the Jackson defendants, Debra Jackson, Todd J. Hayes and Thomas R. Hayes. Doc. No. 24; *Winner Aff.*, ¶ 5. At the settlement

3

conference, Todd J. and Thomas R. Hayes indicated that the Hayes defendants needed more time to respond to the interrogatories and requests for production of documents that were, at that time, several weeks overdue and requested an extension to September 30, 2005. *Winner Aff.*, ¶5. Plaintiff assented to their request and the same day filed the *Motion of Plaintiff John Deere Company to Modify Preliminary Pretrial Order* in which it indicated to the Court that it agreed to an extension to September 30, 2005, for defendants to respond to its discovery requests if the Court would grant an extension of the deadline for the completion of discovery and for the filing of dispositive motions. Doc. No. 26. The Court granted the motion and entered an *Order* on September 15, 2005, extending the deadlines for completion of discovery to October 31, 2005, and for filing dispositive motions to November 30, 2005. Doc. No. 27.

No defendant responded to plaintiff's discovery requests by September 30, 2005, nor did any defendant request an additional extension of time in which to respond. *Winner Aff.*, ¶¶ 6, 7. Plaintiff contacted counsel for the Jackson defendants and contacted the Hayes defendants by letter on October 20, 2005, informing them that since its extrajudicial efforts to obtain discovery had failed, plaintiff intended to file a motion to compel and for sanctions. *Id.*, ¶ 6. Subsequently, counsel for the Jackson defendants called counsel for plaintiff and left a voice mail message expressing an intention to provide responses; however, plaintiff received no response from the Jackson defendants. *Id.*, ¶¶ 7 and 13.

On October 26 and 27, 2005, Todd J. Hayes sent two emails to plaintiff's counsel, each of which state:

> I'm sorry if we misunderstood the timeline you were looking for. All the documents are being reviewed by counsel and you will receive them by the end of the month. If you have any further questions, please feel free to email me.

4

>Thanks.

*Id.*, ¶ 8. Although Mr. Hayes indicates that counsel was reviewing the discovery documents, no attorney made an appearance on his behalf, nor did he or any of the Hayes defendants ever provide any response to plaintiff's interrogatories or requests for production of documents by the end of October 2005. *Id.*, ¶ 9.

On November 3, 2005, plaintiff filed a motion for sanctions based on the failure of the defendants to respond to the discovery requests. Doc. No. 28. On or about November 10, 2005, Todd Hayes delivered responses to the discovery requests. *Id.*, ¶ 11; Doc. No. 31.

None of the defendants having filed opposition to the plaintiff's motion for sanctions, the Court issued an *Order* on December 6, 2005, which states in part:

> All defendants are **ORDERED** to respond to plaintiff's written
> discovery requests within fourteen (14) days of the date of this *Order*.
> Defendants are advised that their failure to strictly comply with this *Order*
> will result in the entry of their default and the striking of their
> counterclaims.

Doc. No. 29.

On December 7, 2005, counsel for plaintiff received a telephone call followed by an email from Tammy Hayes. *Winner Aff.*, ¶ 12. The telephone call indicated the same information as the email, which stated:

> This is to inform you that I do not have any documents regarding this
> company. I also have no knowledge of anything regarding this company.
> I was named on this business because John Deere required my signature
> on the business as Todd Hayes' spouse. Up to this point I was allowing
> my ex-husband to handle this situation, which I thought that he was.

*Id.*

Plaintiff was unable to meet the dispositive motion deadline set by this Court because of

the lack of discovery responses. Thus, on December 16, 2005, the Court set a new dispositive motion deadline of January 31, 2006. Doc. No. 30.

On January 31, 2006, plaintiff filed *Plaintiff's Motion for Summary Judgment*. Doc. No. 32. In a notice filed that same day, the Jackson defendants represented that they had provided a response to the July 27, 2005, discovery requests–one and one-half months after the due date ordered by this Court. *Winner Aff.*, ¶13; Doc. No. 33. No defendant opposed *Plaintiff's Motion for Summary Judgment*.

On April 5, 2006, the Court issued an *Order*:

> Plaintiff has filed a motion for summary judgment, Doc. No.
> 32, to which defendants have made no response. If defendants intend to
> oppose the motion for summary judgment, they shall file a memorandum
> *contra* no later than April 24, 2006. Defendants are advised that the
> failure to file a memorandum *contra* may result in the grant of the motion
> for summary judgment.

Doc. No. 34. This *Order* was returned as undeliverable to Todd J. Hayes. Doc. No. 35. Notwithstanding this *Order*, no defendant has filed a response to *Plaintiff's Motion for Summary Judgment*.

II. **UNCONTROVERTED FACTS**

Prior to August 2004, Mr. Greengenes was an authorized dealer of lawn and garden and commercial products manufactured by plaintiff. *Affidavit of David A. Broeker*[3] ("*Broeker Aff.*"), ¶ 4. Mr. Greengenes was terminated as an authorized dealer in or about August 2004. *Id.* As of August 1, 2004, Mr. Greengenes owed plaintiff $534,973.98. *Id.*, ¶¶ 5, 7 and *Exhibit A* at 18 attached thereto. That account is personally guaranteed by the Jackson defendants and by the

---

[3]Mr. Broeker is the Division Manager of Strategic Litigation for John Deere Credit. *Broeker Aff.*, ¶ 1.

6

Hayes defendants. *Complaint*, ¶¶ 11, 13, 15 and *Exhibits B, C, D* attached thereto.

Of the $534,973.98 owed by defendants, $256,706.14 relates to new equipment. *Broeker Aff.*, ¶ 7(a) and *Exhibit A* at 16 attached thereto. Plaintiff liquidated the equipment and applied the proceeds to the debt owed to it by Mr. Greengenes; however, plaintiff could not liquidate all of the new equipment financed by Mr. Greengenes because the following items were neither paid for nor returned: 419 Loader (Serial No. W00419X008546); 44" Front Blade; 4310 Tractor MFWD (Serial No. LV4310H332843); 72" Mid Mount Mower; 420 Loader (Serial No. W00420X026508); MX6 CP Lift-Type Rot (Serial No. W00MX6X015003); 54C Deck-X-Series. *Id.* Additionally, four checks totaling $23,749.22, issued by Mr. Greengenes to plaintiff as payment for goods after August 1, 2004, were not honored based on insufficient funds and were returned to plaintiff. *Id.*, ¶ 7(a). After the liquidation of the new equipment and the adjustment made for the bad checks, the aggregate credit applied to Mr. Greengenes' account was $171,391.67. *Id.*, and *Exhibit B* at 4 attached thereto.

Defendants then received a credit of $31,040.80 for returned parts, a credit of $3,030.18 for settlement and roll off charges and a credit of $138.92 for settlement adjustments. *Id.*, ¶ 7(c) and *Exhibit B* at 5, 6 attached thereto.

Of the total owed to plaintiff by defendants, $166,337.21 relates to the financing of used "floor planned" equipment. *Id.*, ¶ 7(d). Plaintiff repossessed the floor planned equipment that was available and liquidated it in a commercially reasonable manner at a public auction that was conducted on September 25, 2004, by Midwest Auctioneers & Realty, Inc. of Greenville, Ohio. *Id.* Notification of the public auction was sent to defendants in accordance with Ohio law. *Id.*, and *Exhibit C* attached thereto.

7

At the public auction, 29 items were sold. *Id.* Although plaintiff had advanced funds to Mr. Greengenes for 32 items of used equipment, only 29 were sold because Mr. Greengenes failed to account for three items: ZZ 27K60 Front Mower (Serial No. 393512), loan amount $3,880.56; ZZ LZ27 Front Mower (Serial No. 615202), loan amount $5,880.00; and JD 790 compact utility tractor (Serial No. LV090G292601), loan amount $7,181.88. *Id.* The gross proceeds from the auction totaled $119,325 and, after deducting the auctioneer's commission of 6% and the cost of advertising expenses, the net credit applied to Mr. Greengenes' account was $104,177.11. *Id.*, and *Exhibit D* at 10 attached thereto.

As an attachment to his answers to interrogatories, Todd Hayes speculated that the credits on the account due to plaintiff "should have been" in excess of the amount due on the account. *Exhibit A* at 16 attached to *Boerker Aff.* Plaintiff, however, has presented evidence, uncontested by any defendant, that establishes that all credits due defendants were correctly applied to Mr. GreenGenes' account and that, as of January 30, 2005, the amount due on Mr. GreenGenes' account was $130,995.36. *Id.*, ¶¶ 9, 10 and *Exhibit D* attached thereto.

### III. STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

In the case *sub judice*, the Hayes defendants are proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). A court, however, "should not assume the role of advocate for the *pro se* litigant." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v.*

8

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**B.     Summary Judgment**

The standard for summary judgment is well established. This standard is found in Fed. R. Civ. P. 56, which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). "A court may grant summary judgment when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Agristor Fin. Corp. v Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, non-moving party must do more than raise metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp.*, 967 F.2d at

236) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586 (1986)).

## IV.     ANALYSIS

In *Plaintiff's Motion for Summary Judgment*, plaintiff requests summary judgment, or in the alternative default judgment for failure to cooperate in discovery under Fed. R. Civ. P. 37(d), on its claims brought against defendants and on the Hayes defendants' counterclaims.

### A.     Plaintiff's Claims

Plaintiff requests summary judgment, or in the alternative default judgment for failure to cooperate in discovery, on its claims for amounts due on account. Although all defendants have seemed, at times, to abandon this action, the Court declines to grant plaintiff judgment pursuant to Fed. R. Civ. P. 37 for failure to cooperate in discovery in light of its decision that judgment in plaintiff's favor on its claims against defendants is warranted under Fed. R. Civ. P. 56(c).

Plaintiff contends that, as of January 30, 2005, defendants owed it $130,995.36. *Boeker Aff.*, ¶¶ 9, 10 and *Exhibit D* attached thereto. Plaintiff has set forth properly authenticated evidence, set forth in detail *supra*, showing that defendants, as of January 30, 2005, owed it $130,995.36. Thus, plaintiff has met its burden of informing this Court of the basis for its motion for summary judgment and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323.

The burden then, is shifted to defendants who must, in order to avoid summary judgment against them, set forth "specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 250. Defendants, however, have not responded in any way to *Plaintiff's Motion for Summary Judgment*. Plaintiff attached Todd J. Hayes' responses to interrogatories as an exhibit to its motion for summary judgment, wherein Mr. Hayes contends that the credits

applied to the account owed to plaintiff "should have been in excess" of the amount owed. *Exhibit A* at 16 attached to *Boerker Aff.* Specifically, Mr. Hayes claims:

> If you take the $534,973.98 on the statement minus the new equipment returned, minus paid parts, minus retail notes pending, minus whole goods returned, minus freight to be repaid, minus outstanding floor plans, minus retail notes reserves, minus advertising withheld but not used, minus set-up for units assembled [it should have been in excess of the amount owed].

*Id.*

Mr. Hayes, however, offers nothing to support his speculations regarding the amounts to be credited to defendants. Mr. Hayes' speculation falls far short of meeting defendants' burden to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; *see also Bryant v. Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974) ("mere conclusory and unsupported allegations, rooted in speculation," are insufficient to withstand a motion for summary judgment); *Evan v. Jay Instrument & Specialty Co.*, 889 F. Supp. 302, 310 (S.D. Ohio 1995) ("bald self-serving and conclusory allegations are insufficient to withstand a motion for summary judgment"). Defendants simply must do more than point to such conjecture about the amount due to plaintiff to survive plaintiff's properly supported motion for summary judgment. *See Matsushita Elec. Indus. Co.,* 475 U.S. at 586.

Thus, even when viewing the evidence in the light most favorable to defendants, the Court concludes that defendants have failed to raise a genuine issue of material fact. Summary judgment as a matter of law is therefore warranted. Accordingly, plaintiff's request for summary judgment on its claims against defendants is **GRANTED**.

**B.     The Hayes Defendants' Counterclaims**

Each of the Hayes defendants assert that they have "a counterclaim against Plaintiff,

11

based on the contracts which are the basis of the complaint[.]" Doc. Nos. 11, 12, 13, 14. Plaintiff requests summary judgment, or in the alternative default judgment for failure to cooperate in discovery, on the counterclaims. Based on the procedural history of this case, and the Hayes defendants' continued disregard for this Court's orders, it is clear that the Hayes defendants have chosen to, at best, ignore this action or, at worst, purposefully act in bad faith to postpone resolution of this action. Neither course of action is acceptable and both courses of action waste limited resources of both the Court and the litigants. The Hayes defendants did, however, eventually respond to plaintiff's discovery requests. Although their response was not timely, the Court is not inclined under these circumstances to grant judgment to plaintiff pursuant to Fed. R. Civ. P. 37(d) because of the Hayes defendants' past failure to cooperate in discovery.

However, the Hayes defendants appear, again, to have abandoned the prosecution of their counterclaims. The Hayes defendants are **ADVISED** that their counterclaims will be dismissed with prejudice for failure to prosecute unless these defendants confirm, in a writing filed within fourteen (14) days of the date of this *Opinion and Order,* their intention to prosecute their counterclaims. *See King v. Shelby Residential & Vocational Servs.*, 880 F.2d 414, 414 (6th Cir. 1989) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962), in which the Court stated: "[t]he authority of a federal trial court to dismiss a [counterclaimant's claims] with prejudice because of his failure to prosecute cannot seriously be doubted. . . . the authority of a court to dismiss *sua sponte* for lack of prosecution is an 'inherent power,' governed not by rule or statute 'but by the control necessarily vested in the courts to manage their own affairs.'").

If the Hayes defendants meet this deadline, plaintiff may file a properly documented and

12

supported motion for summary judgment on those counterclaims.[4]

Accordingly, plaintiff's request for summary judgment or for default judgment on the Hayes defendants' counterclaims is **DENIED**.

V.   **CONCLUSION**

In light of the foregoing, the *Plaintiff's Motion for Summary Judgment* is **GRANTED** in part and **DENIED** in part. Doc. No. 32. Specifically, plaintiff is **GRANTED** summary judgment against all defendants on its claims set forth in the *Complaint;* plaintiff is **DENIED** summary judgment on the Hayes defendants' counterclaims.

The Hayes defendants are **ORDERED** to notify the Court within fourteen (14) days of the date of this *Opinion and Order* of their intention to prosecute their counterclaims. Their failure to do so will result in the dismissal of those counterclaims with prejudice.

It is so **ORDERED**.

July 5, 2006
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[4]In *Plaintiff's Motion for Summary Judgment*, plaintiff nominally asks for summary judgment on the Hayes defendants' counterclaims; however, it is plaintiff's burden to inform the Court of the basis for its motion and to identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Plaintiff has failed to do so.